IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALMA MARIE TRICHE-WINSTON, et al.,

    Plaintiffs,

  vs.                                        No. CIV S-06-0109 MCE GGH PS

SANDRA SHEWRY, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiffs are proceeding in this action pro se. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Presently before the court are motions to dismiss filed by defendant Shewry on June 28, 2006, and by defendants Burton and Ting, filed June 29, 2006. Having determined that oral argument was not necessary, but having reviewed the parties' papers, the court now issues the following findings and recommendations.

I. BACKGROUND

        The complaint, filed January 17, 2006, alleges that plaintiffs, a same-sex couple who are disabled under the Americans with Disabilities Act ("ADA"), have a marriage license which is not void under Lockyer v. San Francisco, 33 Cal.4th 1055, 17 Cal. Rptr. 3d 225 (2004) because it is a required accommodation under the ADA. They claim that defendants Shewry, the

1

1  Director of the California Department of Health Services, Burton, former County Clerk for the
2  City and County of San Francisco, and Ting, Assessor-Recorder for San Francisco, failed to
3  protect plaintiffs' interest in their marriage license, which was issued by the City and County of
4  San Francisco on or around February 15, 2004, despite the fact that such licenses have been
5  declared void for other same-sex couples under the Lockyer decision.  Plaintiffs claim that the
6  ADA preempts California law.  Plaintiffs cite instances where they were discriminated against
7  because they were not married.  In a case proceeding in Sacramento Superior Court, plaintiffs
8  claim that Alma Marie Triche-Winston was too ill to represent herself in a hearing, and therefore
9  Charel Winston attempted to appear telephonically on her behalf but was prevented from doing
10 so because they were not legally married.  This action was later dismissed for failure to
11 prosecute.  That decision is on appeal.  In a separate lawsuit regarding a contract for purchase of
12 a home they shared, Charel Winston was prevented from participating in the suit because she was
13 not on the original sales contract.  She was required to file a separate lawsuit.

14         The complaint alleges equal protection, due process, and ADA violations.
15 Plaintiff seeks damages, declaratory relief in the form of a finding that their marriage is not
16 annulled under Lockyer v. San Francisco, and injunctive relief.

17 II. DISCUSSION

18         A.   Legal Standard For Motion To Dismiss

19         A complaint should not be dismissed under Rule 12(b)(6) unless it appears
20 beyond doubt that plaintiff can prove no set of facts in support of its claims which would entitle
21 plaintiff to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994);
22 Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal may be based
23 either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support
24 cognizable legal theories.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

25         The complaint's factual allegations are accepted as true.  Church of Scientology of
26 California v. Flynn, 744 F.2d 694 (9th Cir.1984).  The court construes the pleading in the light

most favorable to plaintiff and resolves all doubts in plaintiff's favor. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). General allegations are presumed to include specific facts necessary to support the claim. NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104, 111 S. Ct. 2166 (1991). "The court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. See Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en banc); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. The Lockyer Decision

This decision, issued August 12, 2004, proclaimed marriage licenses issued to same-sex couples by the city of San Francisco void from their inception. Lockyer v. City and County of San Francisco, 33 Cal. 4th 1055, 17 Cal. Rptr.3d 225 (2004). The court began its

discussion with the well settled view that the legislature is the sole body with authority to regulate marriage. Id. at 1074, 235. It emphasized that local officials, such as the *county clerk* and *county recorder*, have no discretion to issue a marriage license or register a marriage certificate. Id. at 1082, 241 (emphasis added). The issue which the court decided in the negative is whether such a ministerial official has the authority to disregard the law which the official believes to be unconstitutional but which has not been judicially determined to be so. Id. at 1082, 241-42. This lack of authority applies to both state and federal law, and the supremacy clause does not grant such authority. Id. at 1111, 266. The court's finding that all same-sex marriage licenses were void from their inception was based purely on the gender of the marriage license applicants and was purely a question of law. Id. at 1115, 269.

As a result of this decision, the court ordered the county clerk and county recorder for the city and county of San Francisco, pursuant to the supervision of the California Director of Health Services, to correct the records to reflect the nullity of the marriages. These officials were also directed to:

> (1) identify all same-sex couples to whom the officials issued marriage licenses, solemnized marriage ceremonies, or registered marriage certificates, (2) notify these couples that this court has determined that same-sex marriages that have been performed in California are void from their inception and a legal nullity, and that these officials have been directed to correct their records to reflect the invalidity of these marriage licenses and marriages, (3) provide these couples an opportunity to demonstrate that their marriages are not same-sex marriages and thus that the official records of their marriage licenses and marriages should not be revised, (4) offer to refund, upon request, all marriage related fees paid by or on behalf of same-sex couples, and (5) make appropriate corrections to all relevant records.

Id. at 1120, 273-74.

C. Burton and Ting's Motion to Dismiss

These defendants contend that as former county clerk and assessor-recorder for the city and county of San Francisco, respectively, plaintiff has failed to state a claim against them because all of the allegations concern alleged violations by the state of California, not by

4

any San Francisco official.

Plaintiffs contend that they had a right to a hearing before their marriage license was invalidated, and the fact that the city of San Francisco would not accept their disabilities, are reasons to maintain the validity of their marriage license. They believe they had a right to a hearing to determine if their marriage license was a reasonable accommodation for their disabilities.

The violations alleged in the complaint are focused on the California Supreme Court's decision in <u>Lockyer</u>. The order by the court that plaintiffs' marriage was null and void was not caused by defendants Burton and Ting. The portion of that order which required a hearing to determine if couples issued licenses are not same-sex couples was followed by these defendants as required by the state supreme court. Plaintiffs concede they received a letter from the County Clerk informing them that they could notify the Clerk within thirty days if they believed their "marriage should not be invalidated because it is not a same-sex marriage." The fact that plaintiffs admit they are a same-sex couple precludes them from claiming that failure to give them a hearing is a violation of this supreme court opinion. Burton and Ting were merely following the law when they declined to give plaintiffs a hearing. They are not responsible for creating the requirement that a hearing is permitted only to prove a marriage is not a same-sex marriage. The fact that plaintiffs are a same-sex couple, whether or not they admitted this fact in their request for hearing, eliminates any requirement these defendants may have had.[1] Therefore, the motion to dismiss brought by these defendants should be granted.

D. <u>Shewry's Motion to Dismiss</u>

This defendant, as Director of the California Department of Health Services, moves to dismiss, asserting that plaintiffs' exclusion from marriage is not based on their

---

[1] In their reply, defendants point to a pleading filed by plaintiffs seeking to intervene in a pending superior court action in San Francisco, in which they admit to being a same-sex couple. This pleading was filed in February, 2004, prior to plaintiffs' December, 2004 request for a hearing to determine that their marriage was not a same-sex marriage. (Reply, Exh. A.)

5

disabilities, that validation of their same-sex marriage is not a reasonable accommodation under the ADA, and that plaintiffs had no right to a hearing for the purpose of showing their marriage was a reasonable accommodation because hearings were only permitted for couples to show they were of the opposite sex.  Shewry also asserts that the ADA does not permit suits against individuals in their individual capacities; nor does it permit monetary damages against the state.

The American With Disabilities Act states in pertinent part:  "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  In order to state a claim of disability discrimination under Title II of the ADA, a plaintiff must allege four elements:

> (1) the plaintiff is an individual with a disability;  (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;  (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;  and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir.2002) (citation omitted).  The alleged violation must have been committed by a public entity, and only the public entity can be sued.  Alsbrook v. City of Maumelle, 184 F.3d 999, 1005, n. 8 (8th Cir. 1999).  Plaintiff also must allege such discrimination was intentional.  See Duvall v. County of Kitsap, 260 F.3d 1124, 1138-40 (9th Cir. 2001) (to establish ADA claim, plaintiff must show he suffered intentional discrimination due to a disability).

Plaintiffs fail to meet the second and fourth prongs necessary to state a claim under the ADA.  Plaintiffs are not qualified to be married under the laws of the state of California or receive the benefits that those laws confer.  Cal. Fam. Code § 308.5 (marriage is only valid between  man and  woman in California); Lockyer, supra.  The reason for their

exclusion from marriage in the state of California is by virtue of their status as a same-sex couple, not because of their physical or mental disabilities. See Lockyer, supra. Plaintiffs' disabilities are not that they are of the same-sex and want to have a valid marriage, and claiming such a status as a disability would not be recognized by the ADA. 42 U.S.C. § 12102(2) (disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual.") Moreover, the ADA only protects individuals who are excluded from a public benefit, service or program "by reason of such disability." Plaintiffs were not excluded from a marriage license by reason of their disabilities, and cannot use their disabilities as a reason to obtain a status denied to all same sex couples.

Plaintiffs assert that their same-sex marriage is a reasonable accommodation under the ADA. "When a state's policies discriminate against the disabled in violation of the ADA, the ADA's regulations mandate reasonable modifications to those policies in order to avoid discrimination on the basis of disability, at least when such modification would not fundamentally alter the nature of the services provided by the state." Townsend v. Quasim, 328 F.3d 511, 517 (9th Cir. 2003), citing Lovell v. Chandler, 303 F.3d 1039, 1054 (9th Cir.2002). Nevertheless, where a reasonable accommodation would require violation of state law, it cannot possibly be required. See Lockyer, supra.

In regard to plaintiffs' claim that they were not permitted a hearing in violation of Lockyer, as addressed *supra* in regard to Ting's and Burton's motion, plaintiffs conceded that their marriage was a same-sex marriage, and therefore a hearing was not mandated under Lockyer.

Because the court finds that plaintiffs have failed to state a violation of the ADA, it will not address defendants' arguments concerning suit against Shewry in her individual capacity, or damages under the ADA. There is no point to recommending leave to amend. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336 (9th Cir. 1996).

\\\\\

III.  CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss by defendants Burton and Ting, filed June 29, 2006, be dismissed with prejudice.

2. The motion to dismiss filed by defendant Shewry on June 28, 2006, be dismissed with prejudice.

3. This action be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 12/20/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Triche-Winston0109.mtd.wpd